RECEIVED
JAN - 8 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KIRBY SEMIEN | CIVIL ACTION NO.: 14-1087 |
| VERSUS | JUDGE DOHERTY |
| PARKER DRILLING OFFSHORE CORP. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is a motion styled "Motion for Summary Judgment Seeking Dismissal of Certain Claims for Damages, Maintenance and Cure" [Doc. 17] filed on behalf of defendant, Parker Drilling Offshore Corporation ("Parker"), wherein Parker Drilling seeks dismissal of plaintiff's claims for "damages, maintenance, and cure for depression, erectile dysfunction, and insomnia because Semien's treating health care provider cannot relate those conditions to his May 22, 2013 injury and therefore [d]efendant is entitled to summary judgment as a matter of law dismissing those claims." Plaintiff Kirby Semien opposes the motion [Doc. 23]. For the following reasons, the motion is GRANTED.

I.   **Factual and Procedural History**

The facts underlying the instant motion are largely undisputed. This lawsuit arises out of personal injuries sustained by the plaintiff, Kirby Semien, who was a shakerhand employed by Parker Drilling. Mr. Semien injured his right knee while working aboard the RIG 54B on May 22, 2013. Dr. Jonathan Shults performed two knee surgeries on Mr. Semien before placing Mr. Semien at maximum medical improvement on May 15, 2014. Parker Drilling paid "maintenance, cure, and

advances" until Dr. Shults placed Semien at maximum medical improvement. Mr. Semien did not seek any additional treatment until one year later, on May 18, 2015, when he sought treatment from Tamatha Newman, a family nurse practitioner in Oakdale, Louisiana, at which time Mr. Semien complained of depression, erectile dysfunction, and insomnia. Thereafter, Mr. Semien complained of extreme limitation of motion despite the fact that his physical examinations were not consistent with such self-reporting. Parker Drilling argues -- and Mr. Semien does not dispute – that a functional capacity evaluation performed on April 30, 2014 – in the words of Mr. Semien's counsel – "does raise a question about the reliability and accuracy of Semien's reports of pain and disability." However, Mr. Semien argues two physical therapists who have worked with him over an extended period of time believe Mr. Semien has put forth a valid effort during their work with him, however, no affidavit or sworn testimony to that effect has been presented. Mr. Semien, however, testified he has been unable to work and do the things he used to do before he was injured, but admits he has not sought treatment for depression.

**II.     Law and Analysis**

Summary judgment is appropriate where the facts and law as represented in the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating that there is

an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 47 U.S. 317, 325 (1986). Only after a proper motion for summary judgment is made must the non-movant set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

As the Fifth Circuit has pointed out:

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.* ...[S]ummary judgment is appropriate in *any* case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations omitted)(emphasis in original).

In evaluating the evidence provided in support of, and in opposition to, a Motion for Summary Judgment, "[t]he court must view facts and inferences in the light most favorable to the party opposing the motion." *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the non-moving party." *Id.* In evaluating evidence to determine whether a factual dispute exists, "[c]redibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the non-moving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### 1. Claim for Erectile Dysfunction

As an initial matter, this Court notes Mr. Semien no longer wishes to assert a claim for

erectile dysfunction under any of the applicable laws available, and, therefore, does not oppose that portion of Parker Drilling's motion seeking to dismiss this claim. Consequently the motion for summary judgment seeking dismissal of Mr. Semien's claim(s) for damages for erectile dysfunction under any theory of recovery, is GRANTED.

### 2. Legal Standards

Mr. Semien brings this action under the Jones Act and the general maritime law, asserting claims for negligence, unseaworthiness, and maintenance and cure. Despite the somewhat vague nature of the wording in the movant's motion, Parker Drilling argues for dismissal of Mr. Semien's claims for "damages, maintenance, and cure for depression, erectile dysfunction, and insomnia" on grounds that such damages cannot be tied to Mr. Semien's May 22, 2013 injury and, therefore, are not recoverable - but does not discern among the differing possible routs to recovery.

In support of this conflated argument, Parker Drilling makes a wholly fact based argument and directs this Court's attention to the deposition testimony of Tamatha Newman, a family nurse practitioner in Oakdale, Louisiana, who examined Mr. Semien on May 18, 2015. At that time, Mr. Semien complained of depression that "had been present for years" and "started in middle age," as well as for insomnia. Ms. Newman recommended blood work, which showed that Mr. Semien had diabetes.[1] With respect to Mr. Semien's alleged depression and insomnia, Ms. Newman testified as follows:

> Q. When you say "he has suffered with depression," was it your understanding, talking with Mr. Semien, that he had depression even before the May 2013 incident?
>
> A. I don't - - I wouldn't say definitively yes on that, so - -

---

[1] The record shows Mr. Semien had not been examined for one year prior to this May 18, 2015 visit.

4

> Q. But can you say definitively that it was caused by the May 2013 incident?
>
> A. No.
>
> Q. You just can't say?
>
> A. No. Right.
>
> Q. Really you have no opinion on the cause of the depression?
>
> A. Correct.[2]
>
> [. . .]
>
> Q. So his insomnia could be caused by the diabetes as well?
>
> A. Yes.[3]

Parker Drilling argues the foregoing deposition testimony demonstrates the absence of any evidence supporting Mr. Semien's claims that his depression and insomnia are related to his May 22, 2013 injury. Because Mr. Semien has the burden of proving that his alleged depression and insomnia are related to the injury, and apparently – at this juncture – has only the testimony of Ms. Newman to do so, Parker Drilling argues it is entitled to summary judgment on all legal claims based upon depression and insomnia because Mr. Semien cannot carry his burden by a preponderance of the evidence.[4]

In response, Mr. Semien does not clarify the evidence that has been submitted, nor does he offer additional evidence in support of his claim, nor does he argue the distinction on the law as to

---

[2] *See* Deposition of Tamatha Newman, attached as Exhibit 10 to Parker Drilling's motion for summary judgment, Doc. 17 at pp. 11-12.

[3] *Id.* at p. 22.

[4] However, this Court notes the argued standard - "relation to the May 22, 2013 injury" - is not necessarily the applicable legal inquiry for plaintiff's maintenance and cure claims.

5

the multiple legal claims he has made. Rather, Mr. Semien merely argues it would be "unfair to dismiss his claim for depression and insomnia based upon the testimony of a nurse practitioner who could not say either way if this man's complaints of depression and insomnia were related to the accident of May 23, 2013." Mr. Semien, in his opposition brief, argues that the "main doctors" who have treated Mr. Semien since his accident are Dr. Jonathan Shults and Dr. David Clause, neither of whom have been asked about Mr. Semien's depression and whether it is related to the accident - a rather fatal flaw in the argument for the party with the ultimate burden of proof. Mr. Semien argues in his brief that both of these doctors *will* testily live at trial or by deposition, and *it is anticipated both* will testify that there is a causal relation between Mr. Semien's accident and his depression, when asked to assume he had no such depression before his accident. Such argument, when wholly unsupported by affidavit or testimony, falls short of that required by the party having the ultimate burden of his claims.

Because of the vague nature of the remedy sought by Parker Drilling in its motion and plaintiff's less than desirable response to Parker, it is necessary for this Court to discuss the separate and distinct aspects of the plaintiff's apparent claims – that is, for maintenance and cure, for damages for unseaworthiness under the general maritime law, and for damages under the Jones Act, in order to address the motion at hand.

### a. Plaintiff's Jones Act claim

Plaintiff has made multiple legal claims each based upon overlapping facts. Plaintiff asserts claims under the Jones Act, unseaworthiness, and maintenance and cure - each a separate body of law with differing legal requirements. Regrettably, neither the movant nor plaintiff addresses these legal distinctions. However, in the final analysis, this shortcoming is not fatal to the analyses at

hand.

The most definitive statement of the standard of proof for causation in Jones Act cases remains, in large part as to the issues at play in this matter, found in *Gautreaux v. Scurlock Marine*, where the *en banc* court set forth the standard as follows:

> A seaman is entitled to recovery [of damages] under the Jones Act ... if his employer's negligence is the cause, in whole or in part, of his injury." 107 F.3d 331, 335 (5th Cir. 1997) (en banc). In earlier articulations of [this standard of] liability, courts had replaced the phrase "in whole or in part" with the adjective "slightest." In *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506 [77 S.Ct. 443, 1 L.Ed.2d 493] (1957), the Supreme Court used the term "slightest" to describe the reduced standard of causation between the employer's negligence and the employee's injury in [Federal Employers' Liability Act ("FELA") ] cases. In *Ferguson v. Moore–McCormack Lines, Inc.*, the Court applied the same standard to a Jones Act case, writing, "'Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'" 352 U.S. 521, 523, 77 S.Ct. 459, 1 L.Ed.2d 515 (1957), *quoting Rogers*, 352 U.S. at 506, 77 S.Ct. [443].

107 F.3d 331, 335 (5th Cir. 1997) (*en banc*), cited in *Clark v. Kellogg Brown & Root, LLC*, 414 Fed. Appx. 623 (5th Cir. 2011) (unpublished).

In the instant case, plaintiff bears the ultimate burden of presenting evidence to establish his claims, as such a defendant such as Parker can argue a complete absence of evidence to establish its right to summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Here, the movant, Parker, has come forward on summary judgment and cited the only testimony available - beyond plaintiff's own - addressing plaintiff's new claims, that of Tamatha Newman, who testified she cannot link Mr. Semien's complaints of depression and insomnia to his knee injury in May 2013. Therefore, Parker Drilling argues it has set forth a *prima facie* case for a finding of an absence of evidence supporting Mr. Semien's *Jones Act claim*. To survive summary judgment, Mr. Semien is required to come forward with evidence to controvert argument of a lack of evidence and

7

the evidence put forth by Parker Drilling as to the Jones Act claim. In response, however, Mr. Semien presents no affidavit or deposition testimony or even any medical report of any nature to support his claims, rather offers only argument suggesting it would be "unfair to dismiss his claim for depression and insomnia based upon the testimony of a nurse practitioner who could not say either way if this man's complaints of depression and insomnia were related to the accident of May 23, 2013." Mr. Semien goes on to argue that his "main doctors" will testify live at trial or by deposition, and it is anticipated they will testify that there is a causal relation between Mr. Semien's accident and his depression, when asked to assume he had no such depression before his accident, but that neither has heretofore done so. Mr. Semien's argument misunderstands the responsibilities of the parties here at hand.

It is well-settled that courts do not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations omitted)(emphasis in original). Furthermore, the Supreme Court has made clear "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party **who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.**" *Little*, 37 F.3d at 1075, *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(emphasis added). In the instant case, discovery closed in May 2015, movants have made a compelling show of an absence of evidence of the existence of an element essential to plaintiff's case upon which plaintiff bears the burden of proof at trial and, also, cite to the only medical evidence available - the nurse's testimony - which does not support plaintiff's claims. The nonmovant offers in response to the instant motion

8

and evidence presented, only argument that his "main doctors" *will testify* at trial as to causation and further self-serving argument that he suffers from depression and insomnia. Mere argument is not sufficient.

The foregoing self-serving argument – in the absence of timely evidence – is insufficient to controvert the instant motion. Indeed, although self-serving testimony may often be used to controvert a motion for summary judgment, the jurisprudence supporting the foregoing makes clear that the party offering the self-serving testimony is required, at the very least, to submit an affidavit supporting his or her self-serving statements. *See, e.g., C.R. Pittman Constr. Co., v. National Fire Ins. Co. of Hartford*, 453 Fed. Appx. 439 (5th Cir. 2011) (unpublished), *citing Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003) ("Provided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial—a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts."). In the instant case, the plaintiff has submitted nothing – no affidavit or other sworn statement - setting forth even his self-serving testimony and no affidavit or testimony from any medical care provider actually supporting his self-serving claims. Considering the foregoing, this Court concludes the movant has established a *prima facie* argument for a showing of a lack of evidence to support the plaintiff's claim for damages for depression and insomnia arising under the Jones Act, and Mr. Semien has not controverted the motion with any reliable, timely evidence. Therefore, summary dismissal of that portion of plaintiff's Jones Act claim seeking damages for depression and insomnia, only, is appropriate and that aspect of Parker Drilling's motion as to the

Jones Act and damages for insomnia and depression is GRANTED. To the extent that other claims for damages are alleged under the Jones Act, such claims are not impacted by this Ruling.

### b. Maintenance and Cure

Plaintiff's claim for maintenance and cure is based upon a different body of law and sports a different necessary standard for recovery than the Jones Act. Nonetheless, even under the more lenient standard of "manifested while in the service of the ship," plaintiff's claims are similarly unsupported. In *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015), the Fifth Circuit explained a seaman's rights to maintenance and cure as follows:

> "Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir.2006), *citing McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir.1968). "Maintenance is a daily stipend for living expenses," whereas "cure is the payment of medical expenses." *Lodrigue v. Delta Towing, L.L.C.*, No. Civ.A. 03–0363, 2003 WL 22999425, at *6 n.51 (E.D. La. Dec. 19, 2003), *citing Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir.1995), abrogated on other grounds by *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009). The vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment. A seaman may recover maintenance and cure even for injuries or illnesses pre-existing the seaman's employment unless that seaman knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed. *Jauch*, 470 F.3d at 212, *citing McCorpen*, 396 F.2d at 548.

Maintenance and cure must be paid by the seaman's employer until the point of "maximum medical recovery" or "maximum cure." *See Alario v. Offshore Sercvice Vessels, LLC*, 477 Fed. Appx. 186 (5th Cir. 2012), *citing Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S.Ct. 997; *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979).

In the instant matter, it is undisputed that Dr. Shults opined, on March 6, 2014, that he believed Mr. Semien had reached maximum medical improvement and recommended a functional capacity evaluation (FCE), which was performed on April 30, 2014. The evaluator reported that the

10

overall test findings, in combination with clinical observations, suggested the presence of low levels of physical effort on Mr. Semien's behalf. Dr. Shults agreed in a May 15, 2014 report that the FCE was not a valid test because of an apparent lack of effort on Mr. Semien's part and placed Mr. Semien at maximum medical improvement. It is undisputed that Parker Drilling paid maintenance and cure and advances until Mr. Semien was declared by medical finding as having reached maximum medical improvement on May 15, 2014. No further care was sought for over one (1) year.

Thus, in the instant case, Parker Drilling's obligation to provide maintenance and cure does not depend on any determination of fault or "arising from the incident of May 22, 2013" as argued - rather, Mr. Semien may recover maintenance and cure even for injuries or illnesses which in no way arise out of "an incident" but, which occur "while in the service of the vessel." Neither party makes this pertinent legal distinction which mandates different facts as relevant to this legal inquiry. Here it is undisputed that Parker Drilling paid maintenance and cure and advances until Mr. Semien was determined to have reached maximum medical improvement on May 15, 2014; it is undisputed Mr. Semien sought no additional medical treatment for over a year; it is undisputed the complaints of insomnia and depression were not argued during the initial medical treatment; and it is undisputed plaintiff presents no medical evidence, of any kind, suggesting the depression or insomnia arose "while in the service of the vessel." Considering the foregoing, this Court concludes the movant has established a *prima facie* case for showing a lack of evidence to support the plaintiff's claim for maintenance and cure beyond the date of maximum medical improvement. Therefore, summary dismissal of that portion of plaintiff's maintenance and cure claim as to the depression and insomnia, only, is GRANTED. To the extent that other maintenance and cure claims are alleged, such claims are not impacted by this Ruling.[5]

---

[5] The parties shall clarify whether any maintenance and cure claims remain in this matter.

11

### c. Unseaworthiness

To recover damages from an unseaworthy condition, the plaintiff is required to establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy. *Simmons v. Transocean Offshore Deepwater Drilling, Inc.*, 551 F.Supp.2d 471, 476 (E.D.La. 20087), *citing Gavagan v. United States*, 955 F.2d 1016, 1020 (5th Cir.1992) (quoting Johnson v. Offshore Exp., Inc., 845 F.2d 1347, 1354 (5th Cir.1988)) ("To establish the requisite proximate cause in an unseaworthiness claim, a plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.").

Here, as has already been discussed in the portion of the ruling discussing the Jones Act, the plaintiff has set forth no evidence to controvert the *prima facie* case showing a lack of evidence supporting the movant's argument that the plaintiff's claim for damages under whatever legal basis argued, is without evidence to support it. Indeed, Mr. Semien has presented nothing other than bald argument and vague self-serving testimony that he suffers from depression and insomnia and its medical source and/or when it arose. Considering the foregoing, this Court concludes the movant has established a *prima facie* showing of a lack of evidence to support the plaintiff's claim for damages for depression and insomnia arising under a claim for unseaworthiness under the general maritime law for the same reasons it failed under the Jones Act and adopts that analysis and finding herein.

Therefore, summary dismissal of that portion of plaintiff's unseaworthiness claim for damages for depression and insomnia, only, also must flow. To the extent that other claims for damages related to plaintiff's unseaworthiness claim are alleged, such claims are not impacted by this Ruling.

## III. CONCLUSION

For the foregoing reasons, the "Motion for Summary Judgment Seeking Dismissal of Certain Claims for Damages, Maintenance and Cure" [Doc. 17] filed by Parker Drilling Offshore Corporation ("Parker") is GRANTED in its entirety, in the following particulars:

1. Summary dismissal of that portion of plaintiff's Jones Act claim seeking damages for depression and insomnia, only, is appropriate and that aspect of Parker Drilling's motion as to the Jones Act and damages for insomnia and depression is GRANTED. To the extent that other claims for damages are alleged under the Jones Act, such claims are not impacted by this Ruling.

2. Summary dismissal of that portion of plaintiff's maintenance and cure claim as to the depression and insomnia, only, is GRANTED. To the extent that other maintenance and cure claims are alleged, such claims are not impacted by this Ruling. The parties shall clarify whether any maintenance and cure claims remain in this matter.

3. Summary dismissal of that portion of plaintiff's unseaworthiness claim for damages for depression and insomnia, only, also must flow. To the extent that other claims for damages related to plaintiff's unseaworthiness claim are alleged, such claims are not impacted by this Ruling.

Lafayette, Louisiana, this ___8___ day of January, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE