RECEIVED

JAN 2 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KIRBY SEMIEN | CIVIL ACTION NO.: 14-1087 |
| VERSUS | JUDGE DOHERTY |
| PARKER DRILLING OFFSHORE CORP. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the "Motion for Summary Judgment" [Doc. 16] filed on behalf of defendant, Parker Drilling Offshore Corporation ("Parker"), wherein Parker Drilling seeks dismissal of the plaintiff's claims "on the grounds that Plaintiff's separate acts of negligence brought about his unfortunate accident, and therefore, Defendant is entitled to summary judgment as a matter of law." Plaintiff Kirby Semien opposes the motion [Doc. 22], and Parker Drilling has filed a Motion for Leave to File a Reply Brief [Doc. 24], which is herein GRANTED.

This lawsuit arises out of personal injuries sustained by the plaintiff, Kirby Semien, who was a shakerhand employed by Parker Drilling. Mr. Semien injured his right knee while working aboard the RIG 54B on May 22, 2013. The plaintiff alleges he was tasked with draining the trip tanks onboard the rig so that they didn't overflow. The plaintiff alleges he attempted to remove fluid from the filling trip tanks with the use of the pumps but both pumps malfunctioned; that he asked for help in performing this task, but help did not arrive; and that he attempted to do the job himself by climbing an A-frame ladder, from which he fell and was injured. The plaintiff alleges – and Parker Drilling assumes for the purposes of the instant motion – that the plaintiff was a Jones Act seaman.

The plaintiff filed suit against Parker Drilling alleging claims of negligence under the Jones Act and unseaworthiness. The plaintiff also asserts a claim for maintenance and cure. In the instant motion for summary judgment, Parker Drilling argues the decisions made by plaintiff contributed directly to his accident, and that his failure to make safe choices -- including continuing to wait for help, calling Landry to advise that Palfrey did not arrive to help, exercising his authority to stop the work, or even using a self-supporting A-frame ladder – was the sole cause of his injury. Parker Drilling argues the alleged wrongful acts attributed to Parker Drilling could not have harmed the plaintiff without his separate acts of negligence. Therefore, Parker Drilling argues it cannot be liable for the plaintiff's injury.

After review of the briefs filed in this matter, the Court concludes there are genuine issues of material fact concerning whether the plaintiff is solely liable for his own injuries. Considering the foregoing,

IT IS ORDERED that the "Motion for Summary Judgment Seeking Dismissal of Certain Claims for Damages, Maintenance and Cure" [Doc. 16] filed by Parker Drilling Offshore Corporation ("Parker") is DENIED, this Court concluding there are genuine issues of material fact regarding whether the plaintiff was solely liable for his injuries or whether Parker Drilling bears some liability for the plaintiff's damages.

Lafayette, Louisiana, this 25 day of January, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-2-